IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **JAYLEN M. LEWIS** | **PLAINTIFF** |
| ADC #173560 | |
| | |
| V. | NO. 4:23-cv-01142-ERE |
| | |
| **ETHAN HALE and** | |
| **ANTHONY ROBERTS** | **DEFENDANTS** |

## ORDER OF DISMISSAL

### I. Background

*Pro se* plaintiff Jaylen M. Lewis, formerly an inmate at the Pope County Detention Center ("Detention Center") filed this lawsuit under 42 U.S.C. § 1983 complaining that Defendants Ethan Hale and Anthony Roberts used excessive force against him on November 5, 2023.[1] *Doc. 2 at 4-5*. Mr. Lewis sues Defendants Hale and Roberts in both their official and personal capacities, seeking monetary relief. *Doc. 30 at 1-2*.

Defendants have filed a motion for summary judgment, brief in support, and statement of facts, arguing that they are entitled to judgment as a matter of law. *Docs.*

---

[1] To the extent that Mr. Lewis also alleges that Defendants verbally harassed him by using profanity and yelling at him, such a claim fails as a matter of law. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation"); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

*33, 34, 35*. Mr. Lewis has not responded, the time for doing so has passed (*Doc. 35*), and Defendants' motion is now ripe for review.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B. Mr. Lewis' Version of Events

In his sworn complaint, Mr. Lewis alleges that, on November 5, 2023: (1) Defendant Roberts "intentionally pushed me into the wall and stomped on my toe"; and (2) Defendant Hale "pushed me to the ground." *Doc. 2 at 4-5*.

2

**C.   Video Evidence**

Defendants submit a video in support of their motion for summary judgment. *Doc. 34-6*. The following timeline summarizes the relevant video footage:

- 06:04:08: Defendant Roberts unlocks Mr. Lewis' cell door.

- 06:04:36: Mr. Lewis appears in the cell doorway holding his mattress.

- 06:04:46: Defendant Roberts stands in the cell doorway speaking with Mr. Lewis.

- 06:04:48: Defendant Roberts enters Mr. Lewis' cell and neither party can be seen on camera.

- 06:05:35: Mr. Lewis and Defendant Roberts exits the cell and speak in the common area.

- 06:05:40-6:06:00: Mr. Lewis appears agitated and makes large hand motions.

- 06:06:00: Defendant Roberts re-enters Mr. Lewis' cell.

- 06:06:03: Mr. Lewis re-enters his cell.

- 06:06:18: Mr. Lewis exits his cell.

- 06:06:22: Officer Burkland (a non-party) enters the common area.

- 06:06:30: Mr. Lewis continues to appear agitated and continues the large motions with his hands.

- 06:06:36: Defendant Hale arrives and speaks with Mr. Lewis.

- 06:07:11: Defendant Hale and Officer Burkland gesture for Mr. Lewis to sit in the corner.

- 06:06:59-06:07:00: Defendant Hale slightly pushes Mr. Lewis causing him to run into the table in the common area.

- 06:07:11: Defendant Hale and Officer Burkland speak to Mr. Lewis while he sits in the corner.

- 06:07:13: Defendant Roberts removes Mr. Lewis' property from his cell.

- 06:07:55: Mr. Lewis stands.

- 06:08:08: Mr. Lewis approaches his property, sitting on a common area table, while continuing to gesture with his hands.

- 06:08:20: Defendant Hale guides Mr. Lewis by his shirt sleeve into his cell.

- 06:08:53: Defendant Roberts locks Mr. Lewis' cell door.

- 06:10:15: Defendant Hale returns some of Mr. Lewis' property to him through his meal slot.

- 06:10:41: Defendant Roberts returns some of Mr. Lewis' property to him through the meal slot.

- 06:10:50: Defendant Hale speaks to Mr. Lewis through the meal slot.

- 06:11:15: Mr. Lewis removes some of his property from his cell by

sliding it though the meal slot.

- 06:11:15-06:13:42: Defendants and other officers continue to sort through Mr. Lewis' personal property and return some of that property to Mr. Lewis through the meal slot.

- 06:13:50: All officers exit the common area. Although officers return shortly after, Mr. Lewis remains in his cell.

### D.  Qualified Immunity as to Individual Capacity Claim

As to Mr. Lewis' individual-capacity, excessive-force claim, Defendants assert qualified immunity. Qualified immunity protects government officials from personal liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense at the summary judgment stage, a plaintiff must show: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

To prevail on his Eighth Amendment excessive-force claim, Mr. Lewis must demonstrate that Defendants used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson*

*v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). To act "maliciously" means "taking a course of action, without just cause or reason, that was intended to injure the inmate." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007) (internal citations omitted). An officer who acts "sadistically" engages in "extreme or excessive cruelty" or "delight[s] in cruelty." *Id*. "The word 'sadistically' is not surplusage; 'maliciously' and 'sadistically' have different meanings, and the two together establish a higher level of intent than would either alone." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (citation omitted).

In evaluating whether the force employed by Defendants was a good-faith effort to restore order, factors to consider include: (1) the objective need for the force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by Defendants; (4) any efforts made by Defendants to temper the severity of his response; and (5) the extent of Mr. Lewis' injuries. *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008); *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2008).

"Even where the force is unjustified, not every push or shove violates the Constitution, but any use of force greater than de minimis, or any use of force that is repugnant to the conscience of mankind, does." *Burt v. Nurse R.N.*, 2019 WL

8752341, *2 (S.D. Iowa Mar. 27, 2019) (cleaned up) (citing *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)).

### 1. Defendant Roberts

The video recording provided by Defendants does not conclusively resolve the excessive force claim raised by Mr. Lewis against Defendant Roberts. While the video does not show Defendant Roberts using any force against Mr. Lewis while in the common area, it does not capture what occurred while Defendant Roberts and Mr. Lewis were inside Mr. Lewis' cell.

In his complaint, Mr. Lewis alleges that Defendant Roberts pushed him and stomped on his toe while inside his cell. However, in Mr. Roberts' incident report, directly quoted in Defendants' statement of facts, Defendant Roberts explains that, while he was in Mr. Lewis' cell, Mr. Lewis blocked him from exiting the cell. When Mr. Lewis "would not let me pass," Defendant Roberts ordered him twice to let him pass, then yelled at him to let him pass.[2] At that time, Defendant Roberts "accidentally stepped on [Mr. Lewis'] foot." *Doc. 34 at 5*.

An Eighth Amendment excessive force claim cannot be based on a de minimis amount of force, such as the minimal amount of force Defendant Roberts used against Mr. Lewis. See *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) ("a

---

[2] Mr. Lewis did not respond to Defendants' statement of facts as required by Local Rule 6.1. As a result, the facts contained in Defendants' statement of facts are deemed admitted. Local Rule 56.1(c).

de minimis application of force will not result in a constitutional violation"). And importantly, Mr. Lewis presents no evidence either refuting Defendants evidence or creating any material fact as to whether he suffered any injury as a result of Defendant Roberts' conduct. An "inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 599 U.S. 34, 38 (2010).

In addition, Mr. Lewis fails to present any evidence creating any material dispute of fact that Defendant Roberts acted maliciously and sadistically to cause harm. See *Jackson v. Gutzmer*, 866 F.3d 969 (8th Cir. 2017). Rather, the undisputed facts are that Defendant Roberts accidentally stepped on Mr. Lewis' toe.

On this record, no reasonable juror could find that Defendant Roberts maliciously and sadistically used excessive force against Mr. Lewis on November 5, 2023. As a result, Defendant Roberts is entitled to qualified immunity on Mr. Lewis' excessive force claim.

### 2.  **Defendant Hale**

In the video recording, Defendant Hale can be seen slightly pushing Mr. Lewis into the table in the common area. Again, not every push or shove violates the Constitution. Mr. Lewis has failed to come forward with any evidence creating any genuine dispute of material fact with regard to whether Defendant Hale caused him to suffer any injury as a result of his conduct. In addition, the video does not show

that Defendant Hale acted "sadistically or maliciously" in an effort to cause harm. To the contrary, the video appears to show Defendant Hale attempting to remove Mr. Lewis from his cell and attempting to get him to comply Hale's order to sit down in the corner. And the video directly contradicts Mr. Lewis' allegation that Defendant Hale "pushed me to the ground." *Doc. 2 at 4-5*.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). See also *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790 (8th Cir. 2009) (holding, in an excessive force case, defendants were entitled to summary judgment because the plaintiff's "self-serving" allegations were "blatantly contradicted by the record" such that "no reasonable jury could believe them".).

On this record, no reasonable juror could find that Defendant Hale maliciously and sadistically used excessive force against Mr. Lewis on November 5, 2023. As a result, Defendant Hale is also entitled to qualified immunity on Mr. Lewis' excessive force claim.

### E. Official Capacity Claim[3]

Mr. Lewis also sues Defendants in their official capacities. *Doc. 2 at 2*. Mr. Lewis' official capacity claims against Defendants are treated as claims against Pope County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In a § 1983 action, a county cannot be vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Here, Mr. Lewis fails to allege that he suffered any constitutional injury as the result of a Pope County custom or policy. As a result, Mr. Lewis fails to state a plausible constitutional claim for relief against Defendants in their official capacities.

---

[3] Although Defendants do not address Mr. Lewis' official capacity claims in their motion, the Court may screen Mr. Lewis' complaint at any time. See 42 U.S.C.A. § 1997e(c) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . by a prisoner . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . ."); see also 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring that the court "dismiss the case at any time" it determines that an *in forma pauperis* complaint fails to state a claim on which relief may be granted).

## IV.   Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for summary judgment (*Doc. 32*) is GRANTED, and judgment is entered in favor of Defendants Roberts and Hale.

1. Mr. Lewis' claims are DISMISSED, with prejudice.

2. The Clerk is instructed to close this case.

SO ORDERED 23 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE